**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS ALDAMA GONZALEZ,<br><br>    Petitioner,<br><br>  v.<br><br>KIM HOLLAND,<br><br>    Respondent. | Case No. 1:13-cv-00907-SKO-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>**FILING DEADLINE:**   **THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on June 14, 2013.

    II.   Exhaustion of State Court Remedies

    A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

1

exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are

2

> to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001). Where none of a petitioner's claims has been presented to the highest state

court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner alleges that he is an inmate of the California Correctional Institution at Tehachapi, California (CCIT), serving a sentence of 195 years to life imposed on March 16, 2010, in the Superior Court of the State of California, County of Tulare. Petitioner challenges the judgment of conviction. Petitioner alleges the following claims in the petition: 1) Petitioner's federal constitutional rights were violated by the ineffective assistance of his trial counsel, who failed to review discovery or present testimony of Petitioner's sexual normalcy; 2) Petitioner's right to due process of law and his protection against ex post facto laws were violated by admission of evidence of an uncharged offense; 3) Petitioner's Sixth and Fourteenth Amendment rights were violated by the trial court's instructing the jury with CALCRIM 359; 4) Petitioner suffered an error of constitutional magnitude when the trial court failed to grant Petitioner's request for a continuance to locate witnesses identified by a report; and 5) Petitioner suffered cruel and unusual punishment in the form of his sentence of 195 years to life. (Pet., doc. 1, 5-13.)

Petitioner states that he raised these claims in a petition for writ of habeas corpus filed in the Tulare County Superior Court, which denied them on April 30, 2013. (Id. at 3.) Further, he

raised them in a habeas petition filed in the Court of Appeal of the State of California, Fifth Appellate District, on May 13, 2013, which is still pending as of this date. (Id. at 4.) He explains that the reason why all his grounds have not been presented to the highest state court having jurisdiction is, "All five grounds in this petition still (sic) running their course through state court in a Writ of Habeas Corpus Petition." (Id. at 13.)

However, Petitioner also states with respect to the first claim that he "Exhausted from Direct Appeal in California Supreme Court." (Id. at 7.) Further, he states with respect to the second, third, and fourth claims that he raised the claims on appeal from the judgment. (Id. at 7, 9, 10.) However, Petitioner does not specifically describe or document the proceedings in the state courts in which he alleges he exhausted his claims on direct appeal.

Thus, upon review of the instant petition for writ of habeas corpus, it is unclear whether or not Petitioner has presented all his claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, this Court cannot proceed to consider the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court but has simply neglected to inform this Court.

Therefore, Petitioner must inform the Court if any or all of his claims have been presented to the California Supreme Court, and, if possible, provide this Court with a copy of the petition for review filed in the California Supreme Court in the course of Petitioner's direct appellate proceedings, with a copy of any ruling made by the California Supreme Court. Without knowing what claims

5

have been presented to the California Supreme Court, this Court is unable to proceed with the merits of the petition.

### III.  Order to Show Cause

Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court on direct appeal no later than thirty (30) days after the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                                        **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE