1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10

| | |
|---|---|
| 11  LUIS ALDANA GONZALEZ, | Case No. 1:13-cv-00907-SKO-HC |
| 12 | ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 6) |
| 13          Petitioner, | ORDER DISMISSING PETITIONER'S |
| 14 | MOTION FOR AN EXTENSION OF TIME AS MOOT (DOC. 7, pp. 17-18) |
| 15 | ORDER GRANTING IN PART PETITIONER'S |
| 16      v. | MOTION FOR A STAY OF THE PROCEEDINGS (DOC. 1, pp. 71-73) |
| 17 | ORDER GRANTING PETITIONER THIRTY |
| 18 | (30) DAYS FROM THE DATE OF SERVICE OF THIS ORDER TO WITHDRAW HIS |
| 19 | UNEXHAUSTED CLAIMS TO OBTAIN A <u>KELLY</u> STAY OF THE EXHAUSTED CLAIMS |
| 20  KIM HOLLAND, Warden, | IN THE PETITION |
| 21 | INFORMATIONAL ORDER TO PETITIONER CONCERNING DISMISSAL IF UNEXHAUSTED |
| 22 | CLAIMS ARE NOT WITHDRAWN |
| 23          Respondent. | ORDER DENYING PETITIONER'S MOTION |
| 24 | FOR THE APPOINTMENT OF COUNSEL (DOC. 7, pp. 19-20) |

25

26      Petitioner is a state prisoner proceeding pro se and in forma

pauperis with a petition for writ of habeas corpus pursuant to 28

27

U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has

28

consented to the jurisdiction of the United States Magistrate Judge

1

to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed by Petitioner on July 3, 2013.

Pending before the Court is the Court's order of July 9, 2013, directing Petitioner to show cause why the petition should not be dismissed for Petitioner's admitted failure to exhaust state court remedies as to some of his claims in the petition, which was filed on June 14, 2013. Petitioner filed responses to the order to show cause on July 31, 2013, August 8, 2013, and August 16, 2013. (Docs. 7-9.)

Also pending before the Court are Petitioner's motion for a stay and abeyance of the petition (doc. 1, 71-73), his motion for the appointment of counsel (doc. 7, 19-20), and a motion for an extension of time to obtain a copy of Petitioner's petition for review in order to be able to respond to the order to show cause (doc. 7, 17-18).

In the petition, Petitioner alleges that he is an inmate of the California Correctional Institution at Tehachapi, California (CCIT), serving a sentence of 195 years to life imposed on March 16, 2010, in the Superior Court of the State of California, County of Tulare, for sexual offenses with a minor. Petitioner challenges the judgment of conviction and alleges the following: 1) Petitioner's federal constitutional rights were violated by the ineffective assistance of his trial counsel, who failed to review discovery or present testimony of Petitioner's sexual normalcy; 2) Petitioner's right to due process of law and his protection against ex post facto laws were violated by admission of evidence of an uncharged offense; 3) Petitioner's Sixth and Fourteenth Amendment rights were violated

2

by the trial court's instructing the jury with CALCRIM 359; 4)
Petitioner suffered an error of constitutional magnitude when the
trial court failed to grant Petitioner's request for a continuance
to locate witnesses identified by a report; and 5) Petitioner
suffered cruel and unusual punishment in the form of his sentence of
195 years to life.  (Pet., doc. 1, 5-13.)

Petitioner's responses to the order to show cause reveal that
Petitioner exhausted his third claim and the due process aspect of
his second claim in his petition for review filed in the California
Supreme Court (CSC).  (Doc. 8, 4.)  He does not establish exhaustion
of state court remedies as to the remaining claims, but rather shows
that these claims, with the exception of the ex post facto challenge
to admission of evidence of an uncharged offense, were presented to
and rejected by the trial court in May 2013 in a petition for writ
of habeas corpus.  (Doc. 7, 8-11.)  Petitioner admitted in the
petition that these claims were pending in a petition filed in the
Court of Appeal of the State of California, Fifth Appellate District
(CCA).  (Pet., doc. 1, 4-13.)

Reference to the official website of the California Courts
shows that a petition for writ of habeas corpus was filed by
Petitioner in the CCA on May 13, 2013, and was denied summarily on
July 11, 2013.[1]  A search of the website for cases under Petitioner's

---

[1] The Court may take judicial notice of facts that are capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be
questioned, including undisputed information posted on official websites.  Fed. R.
Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993);
Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).
It is appropriate to take judicial notice of the docket sheet of a California
court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct.
332 (2010).  The address of the official website of the California state courts is
www.courts.ca.gov.

name in the CSC shows that on July 17, 2013, Petitioner filed a petition for writ of habeas corpus in case number S212115; no disposition has issued.

I.   Discharge of the Order to Show Cause and Dismissal of the Motion for an Extension of Time

In view of Petitioner's response to the order to show cause and his filing of a copy of the petition for review, the order to show cause is DISCHARGED, and Petitioner's motion for an extension of time is DISMISSED as moot.

II.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v.

4

Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing

federal law or the decisions of federal courts, even
if the federal basis is "self-evident," Gatlin v. Madding,
189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
Harless, 459 U.S. 4, 7... (1982), or the underlying
claim would be decided under state law on the same
considerations that would control resolution of the claim
on federal grounds, see, e.g., Hiivala v. Wood, 195
F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
at 865.
...
In Johnson, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended
by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001). Where
none of a petitioner's claims has been presented to the highest state
court as required by the exhaustion doctrine, the Court must dismiss
the petition.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The
authority of a court to hold a mixed petition in abeyance pending
exhaustion of the unexhausted claims has not been extended to
petitions that contain no exhausted claims.  Raspberry, 448 F.3d at
1154.

Here, Petitioner has not exhausted state court remedies as to
the majority of his claims.

III.  Motion for a Stay

In the petition, Petitioner requests a stay and abeyance of the
petition and leave to amend his petition once the issues pending in
the habeas proceeding in the state court are exhausted.  (Doc. 1,
71-73.)  Petitioner alleges he has only one day to file under the
federal statute of limitations and that denying a stay will

6

prejudice Petitioner.   Petitioner states no grounds for a stay other than his ongoing state court proceedings and his assertion that he believes that his claims will be barred by the federal statute of limitations.

A district court has discretion to stay a petition which it may validly consider on the merits.  <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005); <u>King v. Ryan</u>, 564 F.3d 1133, 1138-39 (9th Cir. 2009), <u>cert. den.</u>, 558 U.S. 887.  A petition may be stayed either under Rhines, or under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  <u>King v. Ryan</u>, 564 F.3d at 1138-41.

Under <u>Rhines</u>, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>Rhines</u>, 544 U.S. at 276-77.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 277-78.  A stay of a mixed petition pursuant to <u>Rhines</u> is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. <u>Id.</u>

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted

petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  Amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

A stay under Rhines permits a district court to stay a mixed petition and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court.  In contrast, a stay pursuant to the three-step Kelly procedure allows a district court to stay a fully exhausted petition, and it requires that any unexhausted claims be dismissed.  Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  The Kelly procedure remains available after the decision in Rhines and is available without a showing of good cause.  King v. Ryan, 564 F.3d at 1140.

Here, because Petitioner seeks permission to amend the petition to add his exhausted claims once state court remedies have been exhausted, it appears that Petitioner is seeking a Kelly stay.[2]

---

[2]   The Court notes that if Petitioner intended to seek a stay pursuant to Rhines, he does not appear to have shown good cause.  The Supreme Court has not articulated what constitutes good cause under Rhines, but has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances."  Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).
Here, Petitioner's unexhausted claims regarding the ineffective assistance of counsel, ex post facto effect of admission of uncharged offenses, allegedly unfair denial of the request to locate witnesses, and the constitutionality of Petitioner's sentence were available to him during the trial and appeal proceedings in state court.  He had an opportunity to exhaust state court remedies as to those claims at the same time he was exhausting state court remedies as to the other claims.

It is unclear whether Petitioner will have sufficient time to exhaust his unexhausted claims.  However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay. Further, the Court is not making any determination that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

Petitioner exhausted his third claim and the due process aspect of his second claim; the remainder of the claims have not been exhausted.  Petitioner will be given an opportunity to withdraw the remaining claims (ineffective assistance of counsel claims, ex post facto violation based on admission of evidence of an uncharged offense, unfair denial of a request for a continuance, and a cruel and unusual sentence) which are unexhausted, and to have the fully exhausted petition stayed pending exhaustion of the other claims in state court.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

IV.  Motion for the Appointment of Counsel

Petitioner seeks the appointment of counsel on the grounds that he is illiterate and does not speak, read, or write English, and he is unable to respond to or prepare documents in this case without the assistance of a fellow inmate.  Petitioner filed his present application with the help of a fellow inmate.  (Doc. 7, 19-20.)

There is no absolute right to the appointment of counsel in non-capital, federal habeas corpus proceedings.  McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.),

cert. denied, 358 U.S. 889 (1958).  The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986); Anderson, 258 F.2d at 481.

However, a Magistrate Judge may appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it. 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

A district court abuses its discretion in denying an indigent's request for appointed counsel pursuant to 18 U.S.C. § 3006A(g) if appointment of counsel is necessary to prevent due process violations, such as when the case is so complex that due process violations will occur absent the presence of counsel.  Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing Chaney, 801 F.2d at 1196).  Factors considered include the number of claims, the nature and substance of the issues (difficulty, novelty, need for further briefing), the stage of the proceedings, pertinent circumstances concerning the condition of the petitioner (mental health issues, diagnoses, treatment, medical history), and the petitioner's ability to proceed with the action.

Here, although the issues have not been briefed by both parties, the Petitioner's claims are not numerous, complex, or novel.  Petitioner has been able to file his petition and seek relief despite his failure to complete the process of exhaustion of

10

state court remedies.  The Court finds that the interests of justice

do not require the appointment of counsel at this time, and will,

therefore, deny Petitioner's motion.

V.  Disposition

Accordingly, it is hereby ORDERED that:

1) Petitioner's request for a stay pursuant to Kelly v. Small is

GRANTED in part; and

2)  Petitioner is GRANTED thirty (30) days from the date of

service of this order to file a motion to withdraw his unexhausted

claim and to seek a stay of the fully exhausted petition; and

3) Petitioner is INFORMED that in the event Petitioner does not

file such a motion, the Court will assume Petitioner desires to

return to state court to exhaust the unexhausted claims and will

therefore dismiss the entire petition without prejudice; and

4) Petitioner's motion for appointment of counsel is DENIED.

In an abundance of caution, the Court further informs

Petitioner that a dismissal for failure to exhaust will not itself

bar him from returning to federal court after exhausting his

available state remedies.  However, this does not mean that

Petitioner will not be subject to the one-year statute of

limitations imposed by 28 U.S.C. § 2244(d).  Although the

limitations period is tolled while a properly filed request for

collateral review is pending in state court, 28 U.S.C. § 2244(d)(2),

it is not tolled for the time an application is pending in federal

court, Duncan v. Walker, 533 U.S. 167, 172 (2001).

Petitioner is further informed that the Supreme Court has held

in pertinent part:

[I]n the habeas corpus context it would be appropriate

11

1
2
3
4
5

for an order dismissing a mixed petition to instruct an
applicant that upon his return to federal court he is to
bring only exhausted claims. See Fed. Rules Civ. Proc.
41(a) and (b). Once the petitioner is made aware of the
exhaustion requirement, no reason exists for him not to
exhaust all potential claims before returning to federal
court. The failure to comply with an order of the court
is grounds for dismissal with prejudice. Fed. Rules Civ.
Proc. 41(b).

6
7
8
9
10

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner

is forewarned that in the event he returns to federal court and

files a mixed petition of exhausted and unexhausted claims, the

petition may be dismissed with prejudice.

11
12
13

IT IS SO ORDERED.

14
15

Dated:   **October 15, 2013**                    **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE

16
17
18
19
20
21
22
23
24
25
26
27
28