UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALDANA GONZALEZ,<br><br>        Petitioner,<br><br>  v.<br><br>KIM HOLLAND, Warden, et al,<br><br>        Respondents. | Case No. 1:13-cv-00907-AWI-SKO-HC<br><br>ORDER REQUIRING RESPONDENT TO FILE A SUPPLEMENTAL RESPONSE TO THE FIRST AMENDED PETITION (DOC. 11)<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE A TRAVERSE (DOC. 27) AND SETTING A BRIEFING SCHEDULE<br><br>ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION (DOC. 26) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.

Pending before the Court are Petitioner's motion to withdraw consent to Magistrate Judge jurisdiction and Petitioner's motion for an extension of time to file a traverse, both of which were filed on July 25, 2014.

I. Background

On July 3, 2013, Petitioner consented to the jurisdiction of

1

the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner (doc. 5).

On November 8, 2013, Petitioner filed a first amended petition (FAP) (doc. 11) in which he raised various claims, including the allegedly ineffective assistance of counsel (IAC) based on state law and the Sixth and Fourteenth Amendments (id. at 4, 43).  On April 2, 2014, the Court dismissed Petitioner's state law IAC claim and directed the Respondent to file a response to the FAP.  (Doc. 12.) On July 1, 2014, Respondent filed an answer to the FAP in which Respondent characterized the Court's dismissal of Petitioner's state law IAC claim as including the dismissal of Petitioner's federally based IAC claim; Respondent thus did not respond to Petitioner's federal IAC claim.  (Doc. 24, 20.)

On April 10, 2014, Respondent declined to consent to Magistrate Judge jurisdiction, and the case was assigned to District Judge Anthony W. Ishii on April 11, 2014.  On April 30, 2014, Petitioner filed a form in which the blanks indicating consent to Magistrate Judge jurisdiction were blacked out, and Defendant William K. Kim indicated that counsel for Defendant or Respondent declined to consent (doc. 19).

  II. <u>Clarification of the Court's Dismissal Order and Schedule for Respondent's Supplemental Response to the FAP and Petitioner's Traverse</u>

In the order dismissing Petitioner's state law claim, the Court stated:

> In his first claim, Petitioner alleges that the ineffective assistance of counsel violated his rights under both the state and federal constitutions. This claim is based on the

>  state constitution and raises only a state law claim.
>  It is, therefore, not cognizable in a 28 U.S.C. § 2254
>  proceeding and must be dismissed.

(Doc. 12, 5.) The Court then proceeded to dismiss Petitioner's "state law claim" without leave to amend. (Id. at 6.)

The Court dismissed only the state law IAC claim or claims; the IAC claim or claims based on the Sixth and Fourteenth Amendments remained in the FAP.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In view of the confusion apparently caused by the Court's language concerning the two separate claims or sets of claims and the dismissal thereof, Respondent will be granted forty-five (45) days in which to file a supplemental response to the federal IAC claim or claims in the FAP.

The Court will grant Petitioner's motion for an extension of time to file a traverse. Pending further order of the Court, Petitioner's traverse to Respondent's previously filed answer as well as Petitioner's traverse to Respondent's forthcoming supplemental response will be due thirty (30) days after the date of service of Respondent's supplemental response.

   III.   Petitioner's Motion to Withdraw Consent

Petitioner seeks to withdraw consent to Magistrate Judge jurisdiction based on what he characterizes as the Court's erroneous dismissal of his federal IAC claim or claims. He contends he initially consented in response to advice from another inmate under circumstances including a language barrier (Petitioner is a Spanish

3

speaker) and reliance on the advice of a "jailhouse lawyer" without understanding the consequences of consent. (Doc. 26, 1-3; decl., doc. 27, 4-5.)

Although a party to a civil case in a federal district court generally has a constitutional right to proceed before an Article III judge, the right may be waived, and thus a party may consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in a case. Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. den. 469 U.S. 824 (1984). Once a civil case is referred to a Magistrate Judge under section 636(c) pursuant to the consent of the party, the reference can be vacated by the Court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party...." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); Dixon v. Ylst, 990 F.2d at 480. There is no absolute right to withdraw consent to proceedings before a Magistrate Judge. Id. The reference will not be vacated where a party has consented in writing to Magistrate Judge jurisdiction, the party fails to make a motion to vacate the reference supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent. Id.

Here, contrary to Petitioner's characterization, the Court did not dismiss Petitioner's federal IAC claim. However, it appears that Petitioner's previously filed consent was the result of inaccurate advice and, more fundamentally, a lack of understanding of the basic consequences of consent. Under the circumstances, the Court concludes that Petitioner has shown grounds for the withdrawal

4

of consent to Magistrate Judge jurisdiction, and his motion will be granted. However, because Respondent has declined to consent, a District Judge has already been assigned to the case. Therefore, no change in judicial assignment will be required.

IV. Disposition

Accordingly, it is ORDERED that:

1) In accordance with the terms otherwise stated in the Court's briefing order of April 2, 2014, Respondent shall FILE no later than forty-five (45) days after the date of service of this order a supplemental response to the first amended petition addressing Petitioner's claim or claims of ineffective assistance of counsel based on the Sixth and Fourteenth Amendments; and

2) Petitioner's motion for an extension of time to file a traverse is GRANTED, and Petitioner's traverse to the previously filed answer as well as to Respondent's forthcoming supplemental response may be FILED no later than thirty (30) days after the date of service of Respondent's supplemental response; and

3) Petitioner's motion to withdraw his consent to the jurisdiction of the Magistrate Judge is GRANTED.

IT IS SO ORDERED.

Dated: **August 1, 2014**        **/s/ Sheila K. Oberto**
                                 UNITED STATES MAGISTRATE JUDGE