UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALDANA GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>JOE A. LIZARRAGA, Warden at Mule Creek State Prison,<br><br>    Respondent. | No. 1:13-cv-00907-AWI-SKO HC<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>**(Doc. 43)** |

Petitioner, a state prisoner proceeding *pro se*, moves pursuant to Fed. R. Civ. P. 60(b), to set aside the Court's order dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 14, 2016, the undersigned dismissed Petitioner's petition for writ of habeas corpus. Petitioner appealed to the Ninth Circuit Court of Appeals, and the appeal was denied on August 3, 2017. Petitioner filed this Rule 60(b) motion in December 2017 and invokes Rules 60(b)(1), 60(b)(2), and 60(b)(6).

Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment or order for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

1

>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>. . .
>
>(6) any other reason that justifies relief.

Here, more than one year elapsed between the entry of judgment on November 15, 2016, and Petitioner filing his motion in December 2017. Under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Because Petitioner did not meet the one year limitations period of Rule 60(c)(1), relief under Rule 60(b)(1) and 60(b)(2) is unwarranted.

With respect to Rule 60(b)(6), this subsection is a catchall provision that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005). "Judgments are not often set aside under Rule 60(b)(6)." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006). A party who moves for Rule 60(b)(6) relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Latshaw, 452 F.3d at 1103; Washington, 394 F.3d at 1157.

Here, Petitioner states he is entitled to relief from the judgment because (1) he cannot read or write in English; (2) he lacks legal materials in Spanish; and (3) "the sensitive nature of his case factors which present a clear and present danger to his safety." (Doc. 43 at 7.) However, Petitioner cites no cases that have found excusable neglect under similar considerations, and Petitioner does not explain how these considerations actually represent extraordinary circumstances. Petitioner's circumstances do not appear to be particularly unique. Therefore, Petitioner has not met his burden of demonstrating that relief under Rule 60(b)(6) is appropriate.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b) (Doc. 43) is DENIED.

IT IS SO ORDERED.

Dated: June 22, 2018

_____
SENIOR DISTRICT JUDGE